```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

ALKERMES, INC., et al.,           .
                                  .
        Plaintiffs,               .
                                  . Case No. 20-cv-12470
vs.                               .
                                  . Newark, New Jersey
TEVA PHARMACEUTICAL               . August 25, 2021
INDUSTRIES USA, INC.,             .
                                  .
        Defendant.                .
```

                        TRANSCRIPT OF HEARING
               BEFORE THE HONORABLE MICHAEL A. HAMMER
                   UNITED STATES MAGISTRATE JUDGE


APPEARANCES (the parties appeared via teleconference):

For the Plaintiffs:     CHARLES MICHAEL LIZZA, ESQ.
                        Saul Ewing Arnstein & Lehr LLP
                        One Riverfront Plaza
                        Newark, NJ 07102-5490
                        (973) 286-6700
                        clizza@saul.com

                        MAX H. YUSEM, ESQ.
                        Paul Hastings, LLP
                        200 Park Avenue
                        New York, NY  10166
                        (212) 318-6375
                        Maxyusem@paulhastings.com




Audio Operator:

Transcription Service:  KING TRANSCRIPTION SERVICES
                        3 South Corporate Drive, Suite 203
                        Riverdale, NJ  07457
                        (973) 237-6080

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

```
 1   (APPEARANCES continued)

 2
     For the Plaintiffs:    ISAAC S. ASHKENAZI, ESQ.
 3                          Paul Hastings, LLP
                            200 Park Avenue
 4                          New York, NY  10166
                            (212) 318-6432
 5                          Isaacashkenazi@paulhastings.com

 6
     For the Defendant:     CHRISTINE INTROMASSO GANNON, ESQ.
 7                          Walsh Pizzi O'Reilly Falanga LLP
                            Three Gateway Center
 8                          100 Mulberry Street, 15th Floor
                            Newark, NJ 07102
 9                          (973) 757-1100
                            cgannon@walsh.law
10
                            JESSICA K. FORMICHELLA, ESQ.
11                          Walsh Pizzi O'Reilly Falanga LLP
                            Three Gateway Center
12                          100 Mulberry Street, 15th Floor
                            Newark, NJ 07102
13                          (973) 757-1100
                            jformichella@walsh.law
14
                            JOHN CHRISTOPHER "J.C." ROZENDAAL, ESQ.
15                          Sterne, Kessler, Goldstein & Fox
                            P.L.L.C.
16                          1100 New York Ave, NW Suite 600
                            Washington, DC 20005
17                          (202) 772-8747

18                          UMA N. EVERETT, ESQ.
                            Sterne, Kessler, Goldstein & Fox
19                          P.L.L.C.
                            1100 New York Ave, NW Suite 600
20                          Washington, DC 20005
                            (202) 772-8520
21
                            MICHAEL BRUNS, ESQ.
22                          Sterne, Kessler, Goldstein & Fox
                            P.L.L.C.
23                          1100 New York Ave, NW Suite 600
                            Washington, DC 20005
24                          (202) 772-8963

25
```

```
 1                  (Commencement of proceedings)

 2

 3          THE COURT:  We're on the record in Alkermes, Inc.,

 4   et al., versus Teva Pharmaceuticals U.S.A. Inc., Civil

 5   No. 20-12470.

 6          May I have appearances, please, beginning with

 7   plaintiff's counsel.

 8          MR. LIZZA:  Good afternoon, Your Honor.  Charlie

 9   Lizza for the Saul Ewing firm for the plaintiff.  And my

10   co-counsel from Paul Hastings will also introduce themselves.

11          MR. YUSEM:  This is Max Yusem from Paul Hastings,

12   also for plaintiffs.

13          MR. ASHKENAZI:  Good afternoon, Your Honor.  This

14   is Isaac Ashkenazi of Paul Hastings, also on behalf of

15   plaintiffs.

16          And that's it for plaintiffs.

17          THE COURT:  All right.  Thank you.

18          And for the defendants?

19          MS. GANNON:  Good afternoon -- good afternoon,

20   Your Honor.  This is Christine Gannon from Walsh Pizzi

21   O'Reilly Falanga on behalf of Teva.  I also have with me from

22   Walsh Jessica Formichella.  She's fairly new to this case.

23   F-o-r-m-i-c-h-e-l-l-a.

24          And our co-counsel from Sterne Kessler will

25   introduce themselves.
```

1    MR. ROZENDAAL:  Good afternoon, Your Honor.
2    J.C. Rozendaal from Sterne Kessler.  And my colleagues Uma
3    Everett and Michael Bruns are also joining me on behalf of
4    defendants.
5    THE COURT:  All right.  Welcome, everyone.
6    So I did not detect -- on the docket, at least --
7    any signs of trouble in terms of, you know, discovery
8    disputes and the like.  Actually, it strikes me from at least
9    some of the agreements that were worked out as well before
10   Judge Arleo that the parties are working very well together.
11   But why don't I turn it over to you folks to give
12   me a more reliable status report.
13   MR. LIZZA:  Thank you, Your Honor.  Charlie Lizza
14   here.
15   I'm going to introduce Max Yusem from Paul
16   Hastings, who will give you a short and succinct and positive
17   summary of where we are.
18   THE COURT:  Charlie knows what the Court likes.  Go
19   ahead.
20   MR. YUSEM:  Thank you, Charlie.  Good afternoon,
21   Your Honor.  I think you have surmised correctly from the
22   docket, you know, the parties have made good progress to the
23   case schedule.  We've exchanged contentions.  As you noted,
24   we came to an agreement on an infringement stipulation to
25   help narrow the issues for trial.  We were also able to come

```
 1  to an agreement to avoid Markman briefing and a Markman
 2  hearing.  So that was positive.
 3          The parties are currently in the middle of fact
 4  discovery, and we believe that the parties are making good
 5  progress there as well.
 6          We did have a meet-and-confer this morning to help
 7  further clarify the parties' positions, which we're working
 8  to memorialize between the parties now.
 9          We don't believe that there's going to be in my --
10  that there are any current disputes -- I'm sorry -- that
11  there's any current disputes between the parties related to
12  Alkermes, the plaintiff's discovery obligations.
13          The parties are still conferring on some
14  outstanding issues regarding Teva's discovery obligations.
15          We're going to do our best, of course, to resolve
16  any disputes regarding Teva's obligations, but -- and -- but
17  we will, of course, timely notify Your Honor pursuant to the
18  Court's procedures, if we're not able to do so.
19          THE COURT:  Okay.  Well, I certainly can't take
20  issue with any of that.
21          How about on the defense side, anything that
22  defendants want to tell me?
23          MR. ROZENDAAL:  Your Honor, this is JC Rozendaal.
24  I think that Mr. Yusem has hit the highlights.  We were
25  pleased to be able to enter those stipulations to narrow the
```

1  issues for trial.
2          I think it's been fair to say that parties have
3  been working through a number of issues on both sides with
4  regard to discovery.  I was pleased that we were able to meet
5  and confer as recently as this morning and appear to have
6  cleared up some ambiguity that was holding back our progress
7  on the discovery front.  And I am also hopeful that we'll be
8  able to continue to work together to avoid having too many
9  issues to bring to Your Honor.
10         THE COURT:  Well, I'd certainly appreciate that.
11         All right.  It sounds like, at least for now, then,
12 the only thing left for me to do is schedule a phone
13 conference in mid to late fall, perhaps, you know, as soon
14 after that November 1 deadline as possible.  That way, if
15 there are any discovery disputes, hopefully I'd be in a
16 position to address them, you know, as soon after the
17 November 1 deadline as possible.
18         Does that make sense?
19         MR. LIZZA:  Your Honor, this is Charlie Lizza
20 again.
21         There was some discussion on the call this morning,
22 on the meet-and-confer call -- and I guess the ball is in
23 Teva's court to get back to us on what we hope is the one
24 remaining issue as early as next week.
25         So speaking optimistically, if the parties are able

1  to resolve that narrow field of disputes, then I think the
2  November 1st date makes good sense.  We'll have finished
3  substantial completion of discovery in mid-October.  And I
4  think that timing would be great.
5           If, on the other hand, the parties are not able to
6  resolve this last issue, so to speak, then my suggestion
7  would be that following Your Honor's joint letter process, we
8  submit a joint letter which would probably arrive with you
9  mid-September, maybe third week in September.  And then,
10 perhaps, in that letter, we could request, if the Court is so
11 inclined, a conference to address that dispute.
12          Our present view of the nature of the dispute is
13 such that it's probably narrow enough that it could be
14 briefed in a joint letter in less than 10 pages, and then --
15          THE COURT:  Charlie, you are hitting all the high
16 points today with stuff the Court likes to hear.
17          Sorry.  Keep going.
18          MR. LIZZA:  Well, so what our thinking is if we
19 requested a conference, we might want to do a conference a
20 little sooner than November 1st.  Hopefully, Your Honor would
21 have time to review the joint letter and -- some conclusions.
22 And we might be able to get it resolved, and that would move
23 the case along nicely.
24          THE COURT:  No, I understand.  I certainly
25 understand the logic of what you're proposing.  Just

1  logistically, as you folks may know -- and I know Charlie
2  knows this -- you know, the magistrate judges and the
3  district judges, but speaking in terms of discovery disputes,
4  magistrate judges are so busy -- my calendar's filling up two
5  and three months out.
6          So here's what I propose.  So the idea that, you
7  know, I might -- I'm going to put a date on for the next
8  conference anyway, just so it doesn't fall off of the Court's
9  radar screen.  But the idea that I might be able to do one on
10 very short notice is improbable.
11         The earliest I could give -- here, I'm going to
12 throw it out to you folks.  My -- my very diligent law clerk
13 Jason just gave me three options.  There's October 21 at 11;
14 November 1 at 11; or November 8 at 3:30.  Pick your poison.
15         MR. YUSEM:  Charlie, this is Max Yusem speaking,
16 and, Charlie, unless you have any other thoughts, I think, at
17 least, from our perspective, October -- the October 21 date
18 makes sense.
19         THE COURT:  It sounds like the discovery dispute
20 would be teed up by then anyway.  Right?
21         MR. LIZZA:  Right.
22         THE COURT:  If there is one for me to adjudicate.
23         MR. LIZZA:  Right.  That would be the idea that
24 we --
25         THE COURT:  Okay.

1      MR. LIZZA:  -- could tee that up by, you know, late

2 September, that it would give you three weeks before the

3 conference, and hopefully it might be resolved.

4      THE COURT:  All right.  So I'm putting -- I'll put

5 the next conference down for October 21, and, obviously, if

6 there's a dispute (A) hopefully, it will be as narrow as

7 advertised, but in any event, I'm not -- certainly not going

8 to change, move up the deadline.  Hopefully you folks will

9 have it teed up so I can deal with it at the conference.  And

10 if you folks have resolved the issue, then you can either let

11 me know we don't need a conference or I'm happy to have a

12 conference and speak with counsel anyway, even if it's short

13 and just a check-in and congratulate you for solving the

14 discovery dispute.

15      But we'll put it down for October 21 at 11 A.M.,

16 then.

17      MR. LIZZA:  Terrific.

18      THE COURT:  All right.  Folks, well, I hope you

19 folks enjoy what little we have left of the summer.  And I'll

20 talk with you soon.

21      UNIDENTIFIED SPEAKERS:  Thank you, Your Honor.

22      THE COURT:  Thank you.  Bye-bye.

23           (Conclusion of proceedings)

24

25

1  Certification

2  I, SARA L. KERN, Transcriptionist, do hereby certify

3  that the 10 pages contained herein constitute a full, true,

4  and accurate transcript from the official electronic

5  recording of the proceedings had in the above-entitled

6  matter; that research was performed on the spelling of proper

7  names and utilizing the information provided, but that in

8  many cases the spellings were educated guesses; that the

9  transcript was prepared by me or under my direction and was

10 done to the best of my skill and ability.

11  I further certify that I am in no way related to any of

12 the parties hereto nor am I in any way interested in the

13 outcome hereof.

14

15

16

17

18  s/ *Sara L. Kern*                          27th of August, 2021
    _____         _____
19  Signature of Approved Transcriber                     Date

20

21

    Sara L. Kern, CET**D-338
22  King Transcription Services
    3 South Corporate Drive, Suite 203
23  Riverdale, NJ  07457
    (973) 237-6080
24

25