

**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1101
lwalsh@walsh.law

**CONFIDENTIAL – FILED UNDER SEAL**

February 1, 2023

**VIA ELECTRONIC FILING UNDER SEAL**
Honorable Madeline Cox Arleo, U.S.D.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

> Re: ***Alkermes, Inc. v. Teva Pharmaceuticals USA, Inc., et al.***
> **Civil Action No.: 2:20-cv-12470 (MCA/MAH)**

Dear Judge Arleo:

This firm, together with Sterne, Kessler, Goldstein & Fox P.L.L.C., represents Defendant Teva Pharmaceuticals USA, Inc. ("Teva") in connection with the above-referenced matter. We write, together with counsel for plaintiffs Alkermes, Inc. and Alkermes Pharma Ireland Limited (together, "Alkermes"), to provide the status letter, as ordered by the Court. (D.I. 194).

**Deposition Testimony and Exhibits of Mr. Bartus, Mr. Blaustein, and Mr. Harris**
First, the parties have resolved all objections related to the designated testimony of Mr. Bartus, Mr. Blaustein, and Mr. Harris. The parties' have exchanged updated lists of designations, counter-designations, and exhibits for each of these witnesses, which can be provided to the Court upon request.

**Deposition Testimony and Exhibits of Mr. Kerrigan**
Second, because this is a bench trial, Alkermes has reached agreement with Teva as to the pending objections to the designated and counter-designated deposition testimony and related exhibits of Mr. Kerrigan. Specifically, Alkermes agrees that it will not object to the admission into evidence of Mr. Kerrigan's designated and counter-designated deposition testimony or related exhibits when they are offered at trial, but Alkermes reserves all arguments regarding the evidence for trial and post-trial briefing, including as to relevance and weight of Mr. Kerrigan's testimony and exhibits. The parties' have exchanged an updated list of designations, counter-designations, and exhibits for Mr. Kerrigan, which can be provided to the Court upon request.

**Testimony and Evidence Regarding Depotrex**
**Teva's position:** Teva states that, in an effort to continue streamlining and narrowing issues for trial, for the purposes of this trial, Teva will no longer be relying on the Depotrex product + Comer + Nuwayser + Leavitt combination as an invalidating prior-art combination, but instead

41112791.3

Honorable Madeline Cox Arleo, U.S.D.J.
February 1, 2023
Page 2

will only be relying on its Comer + Nuwayser + Leavitt obviousness combination. The Comer and Nuwayser references disclose the use and formulation of the Depotrex product. Teva reserves the right to use the Depotrex product as evidence of state of the art and background, motivation to combine and reasonable expectation of success for Teva's remaining obviousness combination, and rebutting Alkermes's asserted secondary considerations, consistent with its disclosures in expert reports and pretrial submissions. Given Alkermes' reservation of rights "for trial" it is unclear to Teva whether Alkermes intends to seek to preclude Teva from relying on Depotrex at trial, even if the reliance is consistent with Teva's expert reports and pretrial submissions, or whether Alkermes simply intends to preserve its rights to argue relevance and weight in its post-trial submission. If Alkermes intends the former, Teva requests a conference call with the Court in advance of trial to discuss and resolve this issue to avoid any unnecessary disputes or disruption to the upcoming trial.

**Alkermes' position:** It is unclear to Alkermes how Teva has streamlined the issues, but Alkermes has made its position clear:  Alkermes is not objecting to the admission of the Comer and Nuwayser publications, and thus will not object to Teva's ability to cite those documents.  As to what Teva's witnesses intend to say about these publications, and whether that testimony raises an objection, that is an issue for trial at the time of the testimony.  Alkermes has repeatedly made clear to Teva that Alkermes will not limit its ability to oppose, at trial, Teva's arguments or its witnesses' testimony about documents that are in evidence.  Forcing this issue now, and asking Alkermes to make any such concessions before trial, is improper.

In any event, Alkermes states that it does not agree with Teva's assertions or reservation of rights, and Alkermes reserves for trial the right to dispute Teva's purported use of what it refers to as "the Depotrex product," including on the grounds that the evidence lacks relevance and should be given no weight.  Alkermes does not understand Teva's statements about its intended use of "Depotrex" at trial or the issue it seeks to resolve now.  Instead, Alkermes believes that it is premature and inappropriate to address these issues outside of the context of trial, when Alkermes and the Court can have a full understanding of the potential issues.  Doing so will not cause "unnecessary disputes or disruption"; to the contrary, these are precisely the types of evidentiary issues that are meant to be weighed by the trier of fact during trial.

We are available to discuss these issues further if Your Honor so desires.  Otherwise, we look forward to appearing before Your Honor at the trial commencing on February 16, 2023.

Thank you for Your Honor's kind attention to this matter.

Respectfully submitted,                          Respectfully submitted,

*s/Liza M. Walsh*                                *s/Charles M. Lizza*

Liza M. Walsh                                    Charles M. Lizza
*Attorney for Teva*                              *Attorney for Alkermes*

cc: All Counsel of Record (via ECF and email)

41112791.3