Liza M. Walsh
Christine I Gannon
Jessica K. Formichella
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

*Of counsel:*
J.C. Rozendaal
Uma Everett
Tyler Liu
STERNE, KESSLER, GOLDSTEIN & FOX, P.L.L.C.
1100 New York Ave., NW, Suite 600
Washington, DC 20005
(202) 371-2600

*Attorneys for Defendant Teva Pharmaceuticals USA, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALKERMES, INC. and ALKERMES PHARMA IRELAND LIMITED,<br><br>*Plaintiffs,*<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>*Defendant.* | Civil Action No.: 20-12470 (MCA)(MAH)<br><br>**DECLARATION OF LIZA M. WALSH IN SUPPORT OF JOINT MOTION TO SEAL**<br><br>*Electronically Filed* |

I, Liza M. Walsh, hereby declare as follows:

1. I am an attorney admitted to practice before this Court and a partner of the law firm of Walsh Pizzi O'Reilly Falanga LLP, counsel for Defendant Teva Pharmaceuticals USA, Inc. ("Teva") in connection with the above-captioned action. I am familiar with the facts set forth herein

1

as well as the categories and types of information that Teva keeps confidential. I am also familiar with the harm that Teva would sustain if its confidential information were to become public.

2. I submit this Declaration on behalf of Teva in support of the Joint Motion to Seal portions of the following:

> A. Exhibit A to the Declaration of Christina Dashe in Support of Teva's Motion *in Limine* No. 1 to Preclude Alkermes from Providing Evidence or Testimony, or Otherwise Referencing, Teva's Purported Role in the Opioid Epidemic (D.E. 162);
>
> B. Exhibits 4-5 to the Declaration of Charles M. Lizza in Support of Plaintiffs' Oppositions to Teva's Motions *in Limine* Nos. 1 & 2 (D.E. 176);
>
> C. Plaintiffs' Post-Trial Proposed Findings of Fact and Conclusions of Law (D.E. 225);
>
> D. Alkermes's Response to Teva's Post-Trial Proposed Findings of Fact and Conclusions of Law (D.E. 230); and
>
> E. PTX-268, PTX-143, PTX-144, PTX-145, and PTX-266.

3. In support of the motion, an Index has been prepared identifying the specific portions of the foregoing documents (the select portions collectively referred to herein as "Confidential Materials") Teva seeks to maintain under seal and explaining (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty

known to be objecting to the sealing request. The Index is being submitted concurrently herewith as Exhibit 1.

4. This is a commercial patent dispute between private parties involving confidential information that Teva has a legitimate interest in protecting because its competitors in the marketplace could utilize the non-public information to gain an unfair advantage over Teva's detriment.

5. The Confidential Materials Teva seeks to seal contain or refer to information that relates to its nonpublic and proprietary competitively sensitive technical information and highly sensitive business information that it maintains in confidence and is of the type that is treated as confidential and proprietary. In particular, the Confidential Materials contain or refer to Teva's highly confidential launch plans, financial projections, and business strategy and development information concerning long-acting naltrexone.

6. The Confidential Materials Teva seeks to seal contain and/or reflect information that Teva designated as "Confidential" pursuant to the stipulated Discovery Confidentiality Order ("DCO"), submitted to the Court on March 18, 2021 and entered by this Court on January 18, 2022.

7. There is a substantial public interest in ensuring that Teva's non-public information related to Teva's competitively sensitive and proprietary business information remain confidential and not become public at a later date. Teva would suffer a clearly defined, substantial and specific harm, including but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm should any of the confidential proprietary, commercial, and competitively sensitive business information contained in the Confidential Materials be publicly disclosed in contravention of the terms of the DCO. Competitors would

improperly and unfairly benefit from the disclosure of Teva's non-public business information and would likely use the confidential information to enhance their market or negotiation position and cause Teva to lose its competitive advantage in the highly competitive generic pharmaceutical marketplace.

8. There is "good cause" for sealing Teva's confidential information. In addition, there was "good cause" for the entry of the DCO in this case. The same "good cause" exists for the entry of a sealing Order with regard to the Confidential Materials, which were designated as confidential pursuant to the DCO.

9. There is no less restrictive alternative other than sealing the Confidential Materials, as set forth in the Index submitted concurrently herewith. Teva's request is narrowly tailored to seal only the Confidential Materials. If necessary, Teva will submit revised redacted versions consistent with the Court's Order on this motion. This is the least restrictive alternative available to protect Teva's non-public confidential information.

I declare that the foregoing statements made by me are true and correct to the best of my knowledge.

Dated: July 5, 2023

*s/Liza M. Walsh*
Liza M. Walsh

# EXHIBIT 1

**INDEX IN SUPPORT OF JOINT MOTION TO SEAL**

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| **Exhibit A to the Declaration of Christina Dashe in Support of Teva's Motion *in Limine* No. 1 to Preclude Alkermes from Providing Evidence or Testimony, or Otherwise Referencing, Teva's Purported Role in the Opioid Epidemic (D.E. 162)** | | | | | | |
| Page 98 | In its entirety. | Teva requests redaction of the Confidential Materials that contain or refer to information that relates to its nonpublic and proprietary competitively sensitive technical information and highly sensitive business information that it maintains in confidence and is of the type that is treated as confidential and proprietary. In particular, the Confidential Materials contain or refer to Teva's highly confidential launch plans, financial projections, and business strategy and development information concerning long-acting naltrexone. Furthermore, the Confidential Materials Teva seeks to seal contain and/or reflect information that Teva designated as "Confidential" pursuant to the stipulated Discovery Confidentiality Order ("DCO"), | If this request to seal is not granted, Teva would suffer a clearly defined, substantial and specific harm, including but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm should any of the confidential proprietary, commercial, and competitively sensitive business information contained in the Confidential Materials be publicly disclosed in contravention of the terms of the DCO. Competitors would improperly and unfairly benefit from the disclosure of Teva's non-public business information and would likely use the confidential | There is no less restrictive alternative other than sealing the Confidential Materials. Teva's request is narrowly tailored to seal only the Confidential Materials. If necessary, Teva will submit revised redacted versions consistent with the Court's Order on this motion. This is the least restrictive alternative available to protect Teva's non-public confidential information. (*See* Walsh Decl. ¶ 9.) | None | None |

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | submitted to the Court on March 18, 2021 and entered by this Court on January 18, 2022.<br><br>(*See* Walsh Decl. ¶¶ 5-6.) | information to enhance their market or negotiation position and cause Teva to lose its competitive advantage in the highly competitive generic pharmaceutical marketplace.<br><br>(*See* Walsh Decl. ¶ 7.) | | | |
| Page 99 | Lines 1-2 in their entirety. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| **Exhibit 4 to the Declaration of Charles M. Lizza in Support of Plaintiffs' Oppositions to Teva's Motions *in Limine* Nos. 1 & 2 (D.E. 176)** | | | | | | |
| Page 59 | Lines 1-4 in their entirety. | Teva requests redaction of the Confidential Materials that contain or refer to information that relates to its nonpublic and proprietary competitively sensitive technical information and highly sensitive business information that it maintains in confidence and is of the type that is treated as confidential and proprietary. In particular, the Confidential Materials contain or refer to Teva's highly confidential launch plans, financial projections, and business strategy and development | If this request to seal is not granted, Teva would suffer a clearly defined, substantial and specific harm, including but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm should any of the confidential proprietary, commercial, and competitively sensitive business information contained in the Confidential Materials be publicly | There is no less restrictive alternative other than sealing the Confidential Materials. Teva's request is narrowly tailored to seal only the Confidential Materials. If necessary, Teva will submit revised redacted versions consistent with the Court's Order on this motion. This is the least restrictive alternative available to protect Teva's non-public confidential information. | None | None |

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | information concerning long-acting naltrexone. Furthermore, the Confidential Materials Teva seeks to seal contain and/or reflect information that Teva designated as "Confidential" pursuant to the stipulated DCO, submitted to the Court on March 18, 2021 and entered by this Court on January 18, 2022. (*See* Walsh Decl. ¶¶ 5-6.) | disclosed in contravention of the terms of the DCO. Competitors would improperly and unfairly benefit from the disclosure of Teva's non-public business information and would likely use the confidential information to enhance their market or negotiation position and cause Teva to lose its competitive advantage in the highly competitive generic pharmaceutical marketplace. (*See* Walsh Decl. ¶ 7.) | (*See* Walsh Decl. ¶ 9.) | | |
| Page 64 | Lines 2-23 in their entirety. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 81 | Lines 2-25 in their entirety. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 82 | In its entirety. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 87 | Lines 1-18 in their entirety. Lines 20-25 in their entirety. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 88 | Lines 1-2 in their entirety. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | Lines 5-25 in their entirety. | | | | | |
| Page 99 | Lines 1-2 in their entirety. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| **Exhibit 5 to the Declaration of Charles M. Lizza in Support of Plaintiffs' Oppositions to Teva's Motions *in Limine* Nos. 1 & 2 (D.E. 176)** | | | | | | |
| | In its entirety. | Teva requests redaction of the Confidential Materials that contain or refer to information that relates to its nonpublic and proprietary competitively sensitive technical information and highly sensitive business information that it maintains in confidence and is of the type that is treated as confidential and proprietary. In particular, the Confidential Materials contain or refer to Teva's highly confidential launch plans, financial projections, and business strategy and development information concerning long-acting naltrexone. Furthermore, the Confidential Materials Teva seeks to seal contain and/or reflect information that Teva designated as "Confidential" pursuant to the stipulated DCO, submitted to the | If this request to seal is not granted, Teva would suffer a clearly defined, substantial and specific harm, including but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm should any of the confidential proprietary, commercial, and competitively sensitive business information contained in the Confidential Materials be publicly disclosed in contravention of the terms of the DCO. Competitors would improperly and unfairly benefit from the disclosure of Teva's non-public business information and would likely | There is no less restrictive alternative other than sealing the Confidential Materials. Teva's request is narrowly tailored to seal only the Confidential Materials. If necessary, Teva will submit revised redacted versions consistent with the Court's Order on this motion. This is the least restrictive alternative available to protect Teva's non-public confidential information.<br><br>(*See* Walsh Decl. ¶ 9.) | None | None |

4

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | Court on March 18, 2021 and entered by this Court on January 18, 2022.<br><br>(*See* Walsh Decl. ¶¶ 5-6.) | use the confidential information to enhance their market or negotiation position and cause Teva to lose its competitive advantage in the highly competitive generic pharmaceutical marketplace.<br><br>(*See* Walsh Decl. ¶ 7.) | | | |
| **Plaintiffs' Post-Trial Proposed Findings of Fact and Conclusions of Law (D.E. 225)** | | | | | |
| Page 82 | Paragraph numbered 240, from the beginning of line 1 until "Teva" on line 2. | Teva requests redaction of the Confidential Materials that contain or refer to information that relates to its nonpublic and proprietary competitively sensitive technical information and highly sensitive business information that it maintains in confidence and is of the type that is treated as confidential and proprietary. In particular, the Confidential Materials contain or refer to Teva's highly confidential launch plans, financial projections, and business strategy and development information concerning long-acting | If this request to seal is not granted, Teva would suffer a clearly defined, substantial and specific harm, including but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm should any of the confidential proprietary, commercial, and competitively sensitive business information contained in the Confidential Materials be publicly disclosed in contravention of | There is no less restrictive alternative other than sealing the Confidential Materials. Teva's request is narrowly tailored to seal only the Confidential Materials. If necessary, Teva will submit revised redacted versions consistent with the Court's Order on this motion. This is the least restrictive alternative available to protect Teva's non-public confidential information.<br><br>(*See* Walsh Decl. ¶ 9.) | None | None |

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | naltrexone. Furthermore, the Confidential Materials Teva seeks to seal contain and/or reflect information that Teva designated as "Confidential" pursuant to the stipulated DCO, submitted to the Court on March 18, 2021 and entered by this Court on January 18, 2022.<br><br>(*See* Walsh Decl. ¶¶ 5-6.) | the terms of the DCO. Competitors would improperly and unfairly benefit from the disclosure of Teva's non-public business information and would likely use the confidential information to enhance their market or negotiation position and cause Teva to lose its competitive advantage in the highly competitive generic pharmaceutical marketplace.<br><br>(*See* Walsh Decl. ¶ 7.) | | | |
| Page 83 | Paragraph numbered 241, line 2, after "60:21-23.)" until the end of the paragraph. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| **Alkermes's Response to Teva's Post-Trial Proposed Findings of Fact and Conclusions of Law (D.E. 230)** | | | | | | |
| Page 125 | Paragraph numbered 459, from the beginning of line 1 until "Teva" on line 2. | Teva requests redaction of the Confidential Materials that contain or refer to information that relates to its nonpublic and proprietary competitively sensitive technical information and highly | If this request to seal is not granted, Teva would suffer a clearly defined, substantial and specific harm, including but not limited to, financial damage, damage to business | There is no less restrictive alternative other than sealing the Confidential Materials. Teva's request is narrowly tailored to seal only the Confidential Materials. If | None | None |

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | sensitive business information that it maintains in confidence and is of the type that is treated as confidential and proprietary. In particular, the Confidential Materials contain or refer to Teva's highly confidential launch plans, financial projections, and business strategy and development information concerning long-acting naltrexone. Furthermore, the Confidential Materials Teva seeks to seal contain and/or reflect information that Teva designated as "Confidential" pursuant to the stipulated DCO, submitted to the Court on March 18, 2021 and entered by this Court on January 18, 2022.

(*See* Walsh Decl. ¶¶ 5-6.) | relationships, damage to commercial standing, and/or other irreparable harm should any of the confidential proprietary, commercial, and competitively sensitive business information contained in the Confidential Materials be publicly disclosed in contravention of the terms of the DCO. Competitors would improperly and unfairly benefit from the disclosure of Teva's non-public business information and would likely use the confidential information to enhance their market or negotiation position and cause Teva to lose its competitive advantage in the highly competitive generic pharmaceutical marketplace.

(*See* Walsh Decl. ¶ 7.) | necessary, Teva will submit revised redacted versions consistent with the Court's Order on this motion. This is the least restrictive alternative available to protect Teva's non-public confidential information.

(*See* Walsh Decl. ¶ 9.) | | |
| Page 182 | Paragraph numbered 583, line 1, after "Further" until "Teva" on line 3. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| **PTX-268** | | | | | | |
| Page 2 of 28 | Lahoz, Lina 2022-01-20 32:06-32:16 in their entirety. | Teva requests redaction of the Confidential Materials that contain or refer to information that relates to its nonpublic and proprietary competitively sensitive technical information and highly sensitive business information that it maintains in confidence and is of the type that is treated as confidential and proprietary. In particular, the Confidential Materials contain or refer to Teva's highly confidential launch plans, financial projections, and business strategy and development information concerning long-acting naltrexone. Furthermore, the Confidential Materials Teva seeks to seal contain and/or reflect information that Teva designated as "Confidential" pursuant to the stipulated DCO, submitted to the Court on March 18, 2021 and entered by this Court on January 18, 2022. | If this request to seal is not granted, Teva would suffer a clearly defined, substantial and specific harm, including but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm should any of the confidential proprietary, commercial, and competitively sensitive business information contained in the Confidential Materials be publicly disclosed in contravention of the terms of the DCO. Competitors would improperly and unfairly benefit from the disclosure of Teva's non-public business information and would likely use the confidential information to enhance their market or negotiation position and cause Teva to | There is no less restrictive alternative other than sealing the Confidential Materials. Teva's request is narrowly tailored to seal only the Confidential Materials. If necessary, Teva will submit revised redacted versions consistent with the Court's Order on this motion. This is the least restrictive alternative available to protect Teva's non-public confidential information. (*See* Walsh Decl. ¶ 9.) | None | None |

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | (*See* Walsh Decl. ¶¶ 5-6.) | lose its competitive advantage in the highly competitive generic pharmaceutical marketplace. (*See* Walsh Decl. ¶ 7.) | | | |
| Page 3 of 28 | Lahoz, Lina 2022-01-20 35:20-36:03 in their entirety. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Pages 4-6 of 28 | In their entirety except for name, deposition date, and time stamp. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Pages 7-23 of 28 | In their entirety except for time stamp. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 24 of 28 | Lahoz, Lina 2022-01-20 98:20-98:25 in their entirety. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| **PTX-143, PTX-144, PTX-145, and PTX-266** | | | | | | |
| | In their entirety. | Teva requests redaction of the Confidential Materials that contain or refer to information that relates to its nonpublic and proprietary competitively sensitive technical information and highly sensitive business information that it maintains in confidence and is of the type that is treated as | If this request to seal is not granted, Teva would suffer a clearly defined, substantial and specific harm, including but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm should | There is no less restrictive alternative other than sealing the Confidential Materials. Teva's request is narrowly tailored to seal only the Confidential Materials. If necessary, Teva will submit revised redacted versions consistent with the Court's | None | None |

9

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | confidential and proprietary. In particular, the Confidential Materials contain or refer to Teva's highly confidential launch plans, financial projections, and business strategy and development information concerning long-acting naltrexone. Furthermore, the Confidential Materials Teva seeks to seal contain and/or reflect information that Teva designated as "Confidential" pursuant to the stipulated DCO, submitted to the Court on March 18, 2021 and entered by this Court on January 18, 2022.<br><br>(*See* Walsh Decl. ¶¶ 5-6.) | any of the confidential proprietary, commercial, and competitively sensitive business information contained in the Confidential Materials be publicly disclosed in contravention of the terms of the DCO. Competitors would improperly and unfairly benefit from the disclosure of Teva's non-public business information and would likely use the confidential information to enhance their market or negotiation position and cause Teva to lose its competitive advantage in the highly competitive generic pharmaceutical marketplace.<br><br>(*See* Walsh Decl. ¶ 7.) | Order on this motion. This is the least restrictive alternative available to protect Teva's non-public confidential information.<br><br>(*See* Walsh Decl. ¶ 9.) | | |